**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ALBA COREAS,

                         Plaintiff,                                      **ORDER**

          -against-                                              25-cv-00604 (GRB) (JMW)


ANGELES BEAUTY SALON INC.,
ANGELICA HERNANDEZ, *an individual*, and
CARMEN HERNANDEZ AYALA, *an*
*individual*,

                                        Defendants.
----------------------------------------------------------X

**WICKS,** Magistrate Judge:

          Alba Coreas ("Plaintiff") commenced this action against Angeles Beauty Salon, Inc,

Angelica Hernandez, and Carmen Hernandez Ayala ("Defendants") seeking to recover, *inter alia*,

unpaid overtime compensation, unpaid minimum wages, and unpaid spread of hours

compensation, pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law

("NYLL"). (*See generally* ECF No. 1.) Before the Court is counsel for Defendants ("Counsel")

motion to withdraw as counsel for Defendants[1] Angeles Beauty Salon and Angelica Hernandez

("Hernandez Defendants") (ECF No. 13.) No opposition has been filed despite the parties being

afforded the opportunity to do so.[2] (*See* Electronic Order dated June 27, 2025.) For the reasons

stated herein, Counsel's motion to withdraw (ECF No. 13) is **GRANTED**.

---

[1] Defendant Angeles Beauty Salon Inc. and Angelica Hernandez have appeared in this action through their attorney, Victoria Spagnolo. Carmen Hernandez Ayala has not yet appeared.

[2] The parties were afforded until July 3, 2025 to file any opposition. (*See* Electronic Order dated June 27, 2025.) Counsel filed certificate of service on June 30, 2025 demonstrating that it served the Hernandez Defendants with its motion to withdraw and the undersigned's subsequent Electronic Orders setting opposition deadlines. (*See* ECF No. 15; *see* Electronic Orders dated June 20, 2025, June 25, 2025, and June 30, 2025.) To date, no opposition has been filed.

## DISCUSSION

Rule 1.4 of the Local Rules of the United States District courts for the Southern and

Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or
> displaced only by order of the Court and may not withdraw from a case without
> leave of the Court granted by order. Such an order may be granted only upon a
> showing by affidavit or otherwise of satisfactory reasons for withdrawal or
> displacement and the posture of the case, including its position, if any, on the
> calendar, and whether or not the attorney is asserting a retaining or charging lien.
> All applications to withdraw must be served upon the client and (unless excused by
> the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion

of the district court." *Finkel v. Fraterelli Brothers, Inc*., No. 05-CV-1551 (ADS) (AKT), 2006

WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir.

1999).) New York's Rules of Professional Conduct ("NYRPC")[3] neatly divide the bases for

withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16(b)) and

permissive (*see* NYRPC rule 1.16(c)).

The grounds proffered here, breakdown of the attorney-client relationship following a

client's failure to pay attorney's fees (*see* ECF No. 13-2, Spagnolo Decl. at ¶¶ 7-9), fall squarely

within the permissive bucket. (*See* NYRPC Rule 1.16(c)(5), (c)(7)).[4]

---

[3] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting
in New York as well as in New York State courts." *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL
6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

[4] Permissive withdrawal is warranted where "the client deliberately disregards an agreement or obligation
to the lawyer as to expenses or fees." NYRPC Rule 1.16(c)(5); *see Daddio v. Kerik*, No. 15-cv-5497
(JGK) (RLE), 2017 WL 2984018, at *3 (S.D.N.Y. June 6, 2017), *report and recommendation adopted*,
2017 WL 2983024 (S.D.N.Y. July 12, 2017). Withdrawal based upon an uncooperative client is permitted
when "the client . . . renders the representation unreasonably difficult for the lawyer to carry out
employment effectively." NYRPC rule 1.16(c)(7); *see Steele*, 2012 WL 6641491, at *2 (citing the same).

Indeed, a breakdown in the attorney-client relationship provides sufficient grounds to grant a motion to withdraw. *See Hawkins v. Zoegall*, No. 23-CV-04040 (KAM) (JMW), 2025 WL 1787044, at *2 (E.D.N.Y. June 26, 2025) (collecting cases); *see also Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2023 WL 2975155, at *2 (S.D.N.Y. Mar. 10, 2023) ("It is well established that [attorney-client breakdown] is a sufficient reason for withdrawal.") (citing *Karimian v. Time Equities, Inc.*, No. 10 CIV. 3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011)). Additionally, a client's failure to pay attorney's fees constitutes good cause warranting the attorney to withdraw. *See Winters v. Phountain PH Holdings Corp.*, No. 23-cv-01668, 2024 WL 198381, at *4 (E.D.N.Y. Jan. 18, 2024); *see also Chase Bank USA, N.A. v. Allegro Law, LLC*, No. 08-CV-4039 (DRH) (WDW), 2011 WL 13302729, at *1 (E.D.N.Y. June 23, 2011) (finding that client's failure to pay legal fees constituted a basis for granting motion to withdraw) (collecting cases).

Here, Counsel notes that following the Hernandez Defendants' salon closing, they not only are unable to pay any substantial amount to settle this case, but also they "can no longer pay attorneys' fees" to Counsel who has "continuously and zealously represented" them during this action. (ECF No. 13-2, Spagnolo Decl. at ¶¶ 7-8.) As such, given "their inability to continue to meet their obligations under the retainer agreement," Counsel avers the "attorney-client relationship between [the Hernandez Defendants] and [Counsel's] office has been irreparably compromised . . . .". (*Id.* at ¶¶ 8-9.)

Under these circumstances, withdrawal based on the failure to pay attorney's fees resulting in a breakdown of attorney-client relationship is justified. *See Hawkins*, 2025 WL 1787044, at *2; *see also White v. Advanced Cardiovascular Diagnostics, PLLC*, No. 22-cv-2587 (AMD) (JMW), 2023 WL 2163777, at *3 (E.D.N.Y. Feb. 22, 2023) (granting motion to withdraw

because client failed to pay "substantial sum of money for the services rendered" after the firm "performed substantial work" for defendants); *see also Melnick v. Press*, No. 06-CV-6686 (JFB) (ARL), 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) (finding a client's admission that they cannot meet their financial obligations under a retainer agreement also constitutes good cause for withdrawal).

After considering the allegations of breakdown of attorney-client relationship following the Hernandez Defendants inability to pay attorney's fees, and absence of opposition to the motion, it appears Counsel has established satisfactory reasons for permissive withdrawal in this matter pursuant to NY Rule of Professional Conduct 1.16(c)(5) and (c)(7). *See Hawkins*, 2025 WL 1787044, at *2 (granting unopposed motion to withdraw based on failure to pay legal fees and breakdown of attorney-client relationship); *see also FCS Advisors, LLC v. Island Fabrication LLC*, No. 23-CV-7341 (ALC) (KHP), 2024 WL 2133961, at *1 (S.D.N.Y. Apr. 30, 2024) (determining withdrawal was appropriate where defendant failed to paid legal fees in violation of the written retainer agreement and where no opposition was filed); *see also Doe v. Holy Bagel*, 2:15-cv-03620 (MKB) (JMW), 2024 WL 4708707, at *3 (E.D.N.Y. Oct. 17, 2024) ("Given the clear breakdown in communication and to whatever attorney-client relationship that may have persisted, and considering the absence of opposition by Defendant Sanchez, withdrawal is appropriate.").

Moreover, Counsel's withdrawal will not cause material adverse effects to Defendants. The case is in its nascent stage, the parties have not appeared before the undersigned for an Initial Conference,[5] and discovery has not begun. *See DeBruhl v. Keyes*, No. 23-cv-06324 (GRB) (JMW), 2024 WL 2832847, at *3 (E.D.N.Y. June 4, 2024) (granting plaintiff's counsel's motion

---

[5] The Initial Conference set for June 12, 2025 was cancelled *sine die* in light of reported progress of settlement discussions amongst the parties. (ECF No. 12; Electronic Order dated June 7, 2025.)

to withdraw where the case had not yet entered discovery and would not prejudice plaintiff). Considering the breakdown of attorney-client relationship resulting from an inability to pay attorney's fees, the absence of any opposition, and lack of material adverse effects to Defendants resulting from a withdrawal, Counsel's motion to withdraw (ECF No. 13) is granted.

Counsel also requests that the case be stayed thirty days to give the Hernandez Defendants time to retain new counsel. (ECF No. 13-2, Spagnolo Decl. at ¶ 11.) Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel. *See Karimian v. Time Equities, Inc.*, No. 10 CIV. 3773 (AKH) (JCF), 2011 WL 1900092, at *4 (S.D.N.Y. May 11, 2011) (noting a stay of proceedings was "an appropriate means of alleviation any possible prejudice"); *see also Allen v. Krucial Staffing, LLC*, No. 20-CV-2859 (JGK), 2022 WL 2106447, at *2 (S.D.N.Y. June 9, 2022) (granting a thirty-day stay of proceedings after granting a motion to withdraw to ensure that plaintiffs have time to retain new counsel or decide to proceed *pro se*). Here, and as detailed below, a stay is appropriate to prevent prejudice.

**CONCLUSION**

For the reasons stated above, Counsel's motion to withdraw (ECF No. 13) is

**GRANTED**. All proceedings in this case are stayed for thirty days, until **August 6, 2025,** so that

Defendants may have the opportunity to retain substitute counsel. The parties shall appear for an

in-person conference on **August 18, 2025 at 11:30AM** before the undersigned, with Defendants

appearing either *pro se*, or through newly retained counsel. Outgoing counsel, Ms. Spagnolo, is

directed to serve a copy of this Order upon the Hernandez Defendants at their last known address

and email address and file proof of service on ECF **within three business days**.

Dated:  Central Islip, New York
        July 7, 2025

                                            **SO ORDERED**:

                                            /S/ *James M. Wicks*
                                            JAMES M. WICKS
                                            United States Magistrate Judge